IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUN - 8 2009

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

| | |
|---|---|
| INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA, LLC, § § § § | |
| Plaintiff, § § | |
| v. § § § | Civil Action No. 1:09-CV-76 |
| MCAFEE, INC., § § | **JURY TRIAL DEMANDED** |
| Defendant. § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Information Protection and Authentication of West Virginia, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant McAfee, Inc. ("McAfee"), as follows:

## NATURE OF THE ACTION

1.  This is a patent infringement action to stop McAfee's infringement of Plaintiff's United States Patent No. 5,436,972, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" (the "'972 patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,141,423, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" (the "'423 patent"; a copy of which is attached hereto as Exhibit B), and United States Patent No. 6,216,229, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" (the "'229 patent"; a copy of which is attached hereto as Exhibit C). The '972, '423, and '229 patents

may be collectively referred to herein as the "patents-in-suit." Plaintiff is the assignee of the patents-in-suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 235 High Street, Morgantown, West Virginia 26505. Plaintiff has authority to transact business in West Virginia. Plaintiff is the assignee of all rights, title, and interest in and to the patents-in-suit, including the right to sue for infringement and recover past damages.

3.     Upon information and belief, McAfee is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3965 Freedom Circle, Santa Clara, California 95054.

## JURISDICTION AND VENUE

4.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.     The Court has personal jurisdiction over McAfee because: McAfee has minimum contacts within the State of West Virginia and the Northern District of West Virginia; McAfee has purposefully availed itself of the privileges of conducting business in the State of West Virginia and in the Northern District of West Virginia; McAfee has sought protection and benefit from the laws of the State of West Virginia; McAfee regularly conducts business within the State of West Virginia and within the Northern District of West Virginia; and Plaintiff's causes of action arise directly from McAfee's business contacts and other activities in the State of West Virginia and in the Northern District of West Virginia.

6. More specifically, McAfee, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of West Virginia, and the Northern District of West Virginia. Upon information and belief, McAfee has committed patent infringement in the State of West Virginia and in the Northern District of West Virginia, has contributed to patent infringement in the State of West Virginia and in the Northern District of West Virginia, and/or has induced others to commit patent infringement in the State of West Virginia and in the Northern District of West Virginia. McAfee solicits customers in the State of West Virginia and in the Northern District of West Virginia. McAfee has many paying customers who are residents of the State of West Virginia and the Northern District of West Virginia and who each use McAfee's products and services in the State of West Virginia and in the Northern District of West Virginia.

7. Venue is proper in the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. United States Patent No. 5,436,972, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995 after full and fair examination. United States Patent No. 6,141,423, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" was duly and legally issued by the United States Patent and Trademark Office on October 31, 2000 after full and fair examination. United States Patent No. 6,216,229, entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" was duly and legally issued by the United States Patent and Trademark Office

on April 10, 2001 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the patents-in-suit, and possesses all rights of recovery under the patents-in-suit, including the right to sue for infringement and recover past damages.

9. Upon information and belief, McAfee has infringed and continues to infringe one or more claims of the '972, '423, and '229 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, content encryption products and services. Upon information and belief, McAfee has also contributed to the infringement of one or more claims of the '972, '423, and '229 patents, and/or actively induced others to infringe one or more claims of the '972, '423, and '229 patents, in this district and elsewhere in the United States.

10. McAfee's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from McAfee the damages sustained by Plaintiff as a result of McAfee's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12. McAfee's infringement of Plaintiff's exclusive rights under the '972, '423, and '229 patents will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against McAfee, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '972, '423, and '229 patents have been infringed, either literally and/or under the doctrine of equivalents, by McAfee and/or by others to whose infringement McAfee has contributed and/or by others whose infringement has been induced by McAfee;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for McAfee's acts of infringement together with pre-judgment and post-judgment interest;

C. That McAfee's acts of infringement be found to be willful from the time that McAfee became aware of the infringing nature of its actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining McAfee from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '972, '423, and '229 patents;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: June 8, 2009

Respectfully submitted,

*/s/ Teresa C. Toriseva*
Teresa C. Toriseva
WV Bar No. 6947
**TORISEVA LAW**
1446 National Road
Wheeling, West Virginia 26003
Telephone: (304) 238-0066
Facsimile: (304) 238-0149
tct@torisevalaw.com

*Of Counsel*:
John F. Ward
John W. Olivo, Jr.
David M. Hill
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com

W. Lewis Garrison, Jr.
Timothy C. Davis
Douglas L. Bridges
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
wlgarrison@hgdlawfirm.com
tim@hgdlawfirm.com
dbridges@hgdlawfirm.com

**ATTORNEYS FOR PLAINTIFF, INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA, LLC**