IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | | |
|---|---|---|
| INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA, LLC, | § § § § § § § § | Civil Action No. 1:09-CV-076-IMK |
| vs. | | |
| MCAFEE, INC. | | **JURY TRIAL DEMANDED** |

**MCAFEE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Defendant and Counterclaimant McAfee, Incorporated ("McAfee"), by and through its undersigned counsel, responds to the Plaintiff's ("IPAW") Original Complaint as follows:[1]

## NATURE OF THE ACTION

1. McAfee admits that this is a patent infringement action, and that IPAW is seeking injunctive relief and monetary damages. McAfee admits that United States Patent No. 5,436,972 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '972 patent"), that U.S. Patent No. 6,141,423 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '423 patent"), and that U.S. Patent No. 6,216,229 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '229 patent"). McAfee denies that it is infringing the '972, '423, and/or the '229 patents (collectively, the "patents-in-suit") and is without sufficient information to form a belief as to who is the assignee of the patents and therefore denies the same.

## PARTIES

2. McAfee is without sufficient information to admit or deny the allegations in paragraph 2 and therefore denies the same.

3. McAfee admits that it is a Delaware Corporation with a principal place of business in Santa Clara, California.

## JURISIDICTION AND VENUE

4. McAfee admits that this Court has subject matter jurisdiction over the plaintiff's claims for patent infringement, and admits that the United States Patent Laws are codified at 35 U.S.C. § 1 et seq. McAfee denies any infringement of the patents-in-suit.

---

[1] By filing this Answer, Affirmative Defenses and Counterclaims to Plaintiff's Original Complaint, McAfee does not waive its right to move for a change of venue pursuant to 28 U.S.C. § 1404.

1

5.      McAfee admits that it is subject to this Court's personal jurisdiction, but denies that the plaintiff's causes of action arise directly from McAfee's business contacts and other activities in the State of West Virginia and in the Northern District of West Virginia.  McAfee is without sufficient information to admit or deny the remaining allegations in paragraph 5 and therefore denies the same.

6.      McAfee admits that its products are sold and/or distributed to its customers throughout the United States.  McAfee denies that it has committed patent infringement, contributed to patent infringement, and/or induced patent infringement in the United States, including the State of West Virginia and the Northern District of West Virginia.  McAfee is without sufficient information to admit or deny the remaining allegations in paragraph 6 and therefore denies the same.

7.      McAfee admits venue is proper in the Northern District of West Virginia. McAfee denies, however, that the Northern District of West Virginia is the most convenient venue for this action.

**COUNT 1 – PATENT INFRINGEMENT**

8.      McAfee admits that United States Patent No. 5,436,972 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '972 patent"), that U.S. Patent No. 6,141,423 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '423 patent"), and that U.S. Patent No. 6,216,229 indicates on its face that it is entitled "Method for Preventing Inadvertent Betrayal by a Trustee of Escrowed Digital Secrets" ("the '229 patent").  McAfee admits that the '972 patent indicates on its face that it issued on July 25, 1995, the '423 patent indicates on its face that it issued on October 31, 2000, and the '229 patent

2

indicates on its face that it issued on April 10, 2001.  McAfee denies the '972, '423 and '229 patents were duly and legally issued.  McAfee is without sufficient information to admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9. McAfee denies the allegations in paragraph 9.

10. McAfee denies the allegations in paragraph 10.

11. McAfee denies the allegations in paragraph 11.

12. McAfee denies the allegations in paragraph 12.

## JURY DEMAND

13. McAfee also demands a trial by jury.

## PRAYER FOR RELIEF

14. McAfee opposes the relief requested and any other relief IPAW may request.

## DENIAL OF ANY REMAINING ALLEGATIONS

15. Except as specifically admitted herein, McAfee denies any remaining allegations in the Plaintiff's Original Complaint

## AFFIRMATIVE DEFENSES

Incorporating by reference the foregoing paragraphs in their entirety, McAfee, as its Affirmative Defense to the Original Complaint of IPAW, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

16. IPAW's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

17. McAfee does not infringe and has not infringed any valid and enforceable claim of the '972, '423, and '229 patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

18.  Claims of the '972, '423 and '229 patents are invalid for failure to satisfy the conditions for patentability set forth in the Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

19.  IPAW's claims are barred, in whole or in part, by laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

20.  IPAW's claims are barred, in whole or in part, by waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

21.  IPAW's claims are barred, in whole or in part, by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Notice)

22.  IPAW's claims are limited by 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE
### (Sales to Government)

23.  IPAW's claims are limited by 28 U.S.C. § 1498.

### RESERVATION OF AFFIRMATIVE DEFENSES

24.  McAfee hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

## COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, McAfee asserts the following counterclaims against IPAW:[2]

## PARTIES

25.     Counterclaim Plaintiff is a Delaware Corporation with a principal place of business in Santa Clara, California.

26.     On information and belief based on the plaintiff's Original Complaint, Counterclaim Defendant Information Protection and Authentication of West Virginia, LLC ("IPAW") is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 235 High Street, Morgantown, West Virginia 26505.

## JURISDICTION

27.     These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.  The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

## VENUE

28.     While McAfee does not concede that venue is appropriate in this district with respect to the action brought by IPAW, should that action remain in this district, venue on these counterclaims is proper in this district under 28 U.S.C. §§ 1391 and 1400 because IPAW alleges that its resides in this district.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

29.     Based on IPAW's filing of this action and McAfee's Affirmative Defenses, an actual controversy has arisen and now exists between IPAW and McAfee as to whether McAfee

---

[2] By filing this Answer, Affirmative Defenses and Counterclaims to Plaintiff's Original Complaint, McAfee does not waive its right to move for a change of venue pursuant to 28 U.S.C. § 1404.

5

has infringed or is infringing U.S. Patent No. 5,436,972 ("the '972 patent"), U.S. Patent No. 6,141,423 ("the '423 patent"), and/or U.S. Patent No. 6,216,229 ("the '229 patent"), collectively, the "patents-in-suit."

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., McAfee requests the declaration of the Court that McAfee does not infringe and has not infringed any valid and enforceable claim of the '972, '423, and '229 patents.

## COUNT II – DECLARATION OF PATENT INVALIDITY

31. Based on IPAW's filing of this action and McAfee's Affirmative Defenses, an actual controversy has arisen and now exists between IPAW and McAfee as to the validity of the '972, '423, and '229 patents.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., McAfee requests the declaration of the Court that the '972, '423, and '229 patents are invalid.

## JURY DEMAND

33. McAfee respectfully demands a trial by jury.

## PRAYER FOR RELIEF

McAfee respectfully requests a judgment against IPAW as follows:

A. A declaration that McAfee does not infringe and has not infringed any valid and enforceable claim of the '972, '423, and '229 patents;

B. A declaration that the '972, '423, and '229 patents are invalid;

C. That IPAW take nothing by its Original Complaint;

D. That the Court enter judgment against IPAW and in favor of McAfee and that IPAW's Original Complaint be dismissed with prejudice;

6

  E. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding McAfee its costs and reasonable attorneys' fees; and

  F. That the Court grant McAfee whatever further relief the Court may deem just and proper.

  Respectfully submitted this 24th day of August, 2009.

            /s/ Michael B. Pallay
            Gordon H. Copland (WVSB No. 828)
             gordon.copland@steptoe-johnson.com
            Michael B. Pallay (WVSB No. 9397)
             mike.pallay@steptoe-johnson.com
            **STEPTOE & JOHNSON PLLC**
            P.O. Box 2190
            Clarksburg, WV  26302-2190
            Telephone:  (304) 624-8000
            Facsimile:  (304) 624-8183

            Danny L. Williams
             danny@wmalaw.com
            J. Mike Amerson
             mike@wmalaw.com
            Ruben S. Bains
             rbains@wmalaw.com
            Michael A. Benefield
             mbenefield@wmalaw.com
            **WILLIAMS, MORGAN & AMERSON**
            10333 Richmond Avenue, Suite 1100
            Houston, Texas 77042
            Telephone: (713) 934-7000
            Facsimile: (713) 934-7011

            Eric M. Albritton
             ema@emafirm.com
            **ALBRITTON LAW FIRM**
            P.O. Box 2649
            Longview, Texas 75606
            Telephone: (903) 757-8449
            Facsimile: (903) 758-7397

            **ATTORNEYS FOR DEFENDANT MCAFEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, I electronically filed **"MCAFEE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following counsel of record:

Teresa C. Toriseva
**TORISEVA LAW**
1446 National Road
Wheeling, WV  26003

And I further certify that I have caused the same to be served on the following counsel, by depositing true copies thereof in the United States Postal Service, postage prepaid, in envelopes addressed to the following:

| | |
|---|---|
| John F. Ward | W. Lewis Garrison, Jr. |
| John W. Olivo, Jr. | Timothy C. Davis |
| David M. Hill | Douglas L. Bridges |
| **WARD & OLIVO** | **HENINGER GARRISON DAVIS, LLC** |
| 380 Madison Avenue | 2224 1st Avenue North |
| New York, NY 10017 | Birmingham, AL 35203 |

/s/ Michael B. Pallay
Gordon H. Copland    (WVSB No. 828)
   gordon.copland@steptoe-johnson.com
Michael B. Pallay      (WVSB No. 9397)
   mike.pallay@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
P.O. Box 2190
Clarksburg, WV  26302-2190
Telephone:  (304) 624-8000
Facsimile:  (304) 624-8183

8